Mr. Justice Johnson
delivered the opinion of the court.
The question propounded, depends wholly on the construction of the acts of assembly creating and defining this jurisdiction, and to these we must look for its solution. The first in point of time, necessary to this case is the act of 1785. This,act points out the character of all the cases to which this jurisdiction is to be confined, including cases arising, ex contractu and limits the amount to £5-, *499 and then provides that “ upon complaint made to a justice of the peace that any person indebted to the complainant in a sum not exceeding^3, (when a,single magistrate by this act has jurisdiction,) is about to remove, &c. it shall be lawful for such justice, &c. to grant an attachment against the estate of such debtor, &c. returnable before himself or some other justice of the peace, who shall and may proceed and determine finally thereupon, as to justice shall appertain.” (Public Laws, 368. 1 Brev. 40.)
Subsequent to this period, several acts have been passed on this subject; but that which is at present regarded as defining and limiting the jurisdiction of, a magistrate, is the act of 1799. This provides that it “ shall extend to all matters of debt or other demand arising out of contract, and in no other case of a civil nature xvhatsoever, to §20.” (1 Brev. 476. 2 Faust, 318.) And upon looking into this act, it will be seen that no mention is made of proceedings by attachment, and the objection to extending it to this amount, is that it is expressly limited to £3 by the act of 1785; and under the rigid rule of construction applicable to limited powers cannot be extended beyond it. But if we look to the intention of the legislature, the most certain mad universally true rule, I think a different result will follow.
The clause of the act of 1785, quoted, appears to me not to have been intended to create a new and distinct jurisdiction, but to point out the mode of proceeding in the par- ' ticular case of attachment; and the limitation it contains seems to have been introduced with a view to avoid the consequences of a construction which might possibly give this power an unlimited extent without these guards about it. Again, the act of 1799, expressly gives to the magistrates jurisdiction of all matters arising ex contractu as far as §20; and provides that it shall extend to no other cases of a civil nature. And if a contrary construction was permitted to prevail they would be ousted of jurisdiction in *500 all cases of absconding or removing debtors ; for the process of attachment is the only one which can reach them,
Young, for the motion.
G’Neall and Irby, contra.
The motion fe therefore granted-
justices huger and Cokock, concurred.